# In the United States Court of Appeals
# Eleventh Circuit

## CASE NO.: 24-11033

ESTATE OF LANE CAVINESS, et al.,

*Appellants,*

v.

ATLAS AIR, INC., et al.,

*Appellees.*

## ANSWER BRIEF OF APPELLEE, FLIGHT SERVICES INTERNATIONAL, LLC

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

L.T. Case No.: 1:22-cv-23519-KMM

COLE, SCOTT & KISSANE, P.A.
*Counsel for Appellee, Flight Services International, LLC*
Cole, Scott & Kissane Building, Suite 1400
9150 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (786) 268-6890
Facsimile: (305) 373-2294
scott.cole@csklegal.com
francesca.stein@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

## CERTIFICATE OF INTERESTED PERSONS

1.  Abarca Torres, Ricardo (Plaintiff-Appellant).

2.  AHVF II (Rand Stock AIV), LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

3.  Akerlund, Patrick (Plaintiff-Appellant).

4.  Alzati, Michael (Plaintiff-Appellant).

5.  Anderson, Eric W. (Plaintiff-Appellant).

6.  AP Rand Holdings, LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

7.  AP X (Rand Stock AIV), LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

8.  Atlas Air Worldwide Holdings, Inc. (parent of Defendant-Appellee, Atlas Air, Inc.).

9.  Atlas Air, Inc. (Defendant-Appellee).

10.  Ballard Jr., Michael G. (Plaintiff-Appellant).

11.  Barrionuevo, Cindy (Plaintiff-Appellant).

12.  Bearce Jr., Larry James (Plaintiff-Appellant).

13.  Bellman, Robert (Plaintiff-Appellant).

14.  Bendiburg, Benjamin (Plaintiff-Appellant).

15.  Berry, Douglas (Plaintiff-Appellant).

Case No. 24-11033

16. Berry, Gregory (Plaintiff-Appellant).

17. Bohnert, Douglas (Plaintiff-Appellant).

18. Botha, Lynette (Plaintiff-Appellant).

19. Buehrer, Caleb (Plaintiff-Appellant).

20. Bullock, Richard (Plaintiff-Appellant).

21. Carlson, Jeffrey (Former Defendant).

22. Carroll, Jon (Plaintiff-Appellant).

23. Caskey, Vergil (Plaintiff-Appellant).

24. Castor, James (Plaintiff-Appellant).

25. Chapman, Brett L. (Plaintiff-Appellant).

26. Charboneau, Nathan (Plaintiff-Appellant).

27. Churchel, Shawn (Plaintiff-Appellant).

28. Cole, Scott & Kissane, P.A. (Counsel for Defendant-Appellee, Flight Services International, LLC).

29. Cole, Scott A. (Appellate Counsel for Defendant-Appellee, Flight Services International, LLC).

30. Colon, Joel (Plaintiff-Appellant).

31. Connor, Mark (Plaintiff-Appellant).

32. Cronauer, Matthew (Plaintiff-Appellant).

33. Cunningham, Fred (Plaintiff-Appellant).

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

34.   Danza, Royal (Plaintiff-Appellant).

35.   De Sousa, Elliot (Plaintiff-Appellant).

36.   Desandro, Eric (Plaintiff-Appellant).

37.   Dietrich, John W. (Former Defendant).

38.   Dixon, Steve (Plaintiff-Appellant).

39.   Dorsey & Whitney LLC (law firm of Counsel for former Defendant, EncompassAir, LLC ).

40.   EncompassAir, LLC (Former Defendant).

41.   Erickson, James (Plaintiff-Appellant).

42.   Esquivia, Luis (Plaintiff-Appellant).

43.   Estate of Lane Caviness (Plaintiff-Appellant).

44.   Estes, Lee (Plaintiff-Appellant).

45.   Fleischer Louis, Lauren (Magistrate Judge, United States District Court for the Southern District of Florida).

46.   Flight Services International, LLC (Defendant-Appellee).

47.   Fratti, Robert (Plaintiff-Appellant).

48.   Frisbie, Jason (Plaintiff-Appellant).

49.   Frye, Timothy (Plaintiff-Appellant).

50.   Fussle, Jonathan (Plaintiff-Appellant).

51.   Gamboa, Tony (Plaintiff-Appellant).

COLE, SCOTT & KISSANE, P.A.

Case No. 24-11033

52. Gebhard, Dennis (Plaintiff-Appellant).

53. Ghods, Reza (Plaintiff-Appellant).

54. Gilman, Mark (Plaintiff-Appellant).

55. Giudice, Robert (Plaintiff-Appellant).

56. Goodwin-Peters, Patricia (Former Defendant).

57. Gordon, Eric (Plaintiff-Appellant).

58. Gordon, Greg (Plaintiff-Appellant).

59. Green, Matthew A. (Trial Counsel for Defendant-Appellee, Flight Services International, LLC).

60. Greer, Daniel (Plaintiff-Appellant).

61. Grisham, Michael A. (Counsel for former Defendant, EncompassAir, LLC).

62. Hartsell, Gabriel Matthew (Counsel for former Defendant, EncompassAir, LLC).

63. Heivilin, Rexford T. (Plaintiff-Appellant).

64. Henning, Jason (Plaintiff-Appellant).

65. Hewson III, David (Plaintiff-Appellant).

66. Hill City Fund I, LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

67. Hogan, Michelle (Counsel for Defendant-Appellee, Atlas Air, Inc.).

68. Hontz, Todd (Plaintiff-Appellant).

COLE, SCOTT & KISSANE, P.A.

Case No. 24-11033

69.    Hudson, Daniel (Plaintiff-Appellant).

70.    JFL-Rand Partners, LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

71.    John Pierce Law PC (law firm of Counsel for Plaintiffs-Appellants).

72.    Jones Day (law firm of Counsel for Defendant-Appellee, Atlas Air, Inc.).

73.    Justice, Roger (Plaintiff-Appellant).

74.    Kassandji, Venancius (Plaintiff-Appellant).

75.    Kearins, John (Plaintiff-Appellant).

76.    Keen, David (Plaintiff-Appellant).

77.    Kinder, Ricky (Plaintiff-Appellant).

78.    Kirby, Beth (Plaintiff-Appellant).

79.    Koustas, Andreas N. (Plaintiff-Appellant).

80.    Kravetz, Chad (Plaintiff-Appellant).

81.    Lee, Daniel (Plaintiff-Appellant).

82.    Linas, Jonathan M. (Counsel for Defendant-Appellee, Atlas Air, Inc.).

83.    Lindberg, Carl (Plaintiff-Appellant).

84.    Loschiavo, Joseph (Plaintiff-Appellant).

85.    Lutz, Andrew (Plaintiff-Appellant).

86.    Lutz, Blythe (Plaintiff-Appellant).

**COLE, SCOTT & KISSANE, P.A.**

87.  Macario, Rafael (Plaintiff-Appellant).

88.  Maugeri, Alexander V. (Counsel for Defendant-Appellee, Atlas Air, Inc.).

89.  Mayo Jr., Douglas P. (Plaintiff-Appellant).

90.  McMillan, Montague (Plaintiff-Appellant).

91.  McQuillen, April (Plaintiff-Appellant).

92.  McQuillen, Christopher (Plaintiff-Appellant).

93.  Meissner, Steven (Plaintiff-Appellant).

94.  Michonski, Jeffrey (Plaintiff-Appellant).

95.  Mickler, Andrew (Plaintiff-Appellant).

96.  Moore, K. Michael (Judge, United States District Court for the Southern District of Florida).

97.  Morris, Corey (Plaintiff-Appellant).

98.  Muratore, Steven (Plaintiff-Appellant).

99.  Myers, Gregory (Plaintiff-Appellant).

100. Napora, Peter (Plaintiff-Appellant).

101. Pardo, Joel (Plaintiff-Appellant).

102. Pedrosa, Eliot (Counsel for Defendant-Appellee, Atlas Air, Inc.).

103. Phillips, Lance (Plaintiff-Appellant).

104. Phillips, Patrick (Plaintiff-Appellant).

**COLE, SCOTT & KISSANE, P.A.**

105.  Pierce, John M. (Counsel for Plaintiffs-Appellants).

106.  Pittet, Siegfried (Plaintiff-Appellant).

107.  Pronk, Glen (Plaintiff-Appellant).

108.  Rand Intermediate Holdco, LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

109.  Rand Intermediate, LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

110.  Rand Management Holdco, LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

111.  Rand Midco, LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

112.  Rand Parent, LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

113.  Rand Topco, LLC (parent of Defendant-Appellee, Atlas Air, Inc.).

114.  Randall, Charles (Plaintiff-Appellant).

115.  Raymond, Peter (Plaintiff-Appellant).

116.  Roberts, Joshua (Plaintiff-Appellant).

117.  Robertson, Rebecca (Plaintiff-Appellant).

118.  Rogers, Jason (Plaintiff-Appellant).

119.  Sabatini Law Firm P.A. (law firm of Counsel for Plaintiffs-Appellants).

120.  Sabatini, Anthony Frank (Counsel for Plaintiffs-Appellants).

121.  Samson, Gregory (Plaintiff-Appellant).

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

122. Schreck, Kimberly (Plaintiff-Appellant).

123. Serritella, William (Plaintiff-Appellant).

124. Shelton, Gentry (Plaintiff-Appellant).

125. Snaza, Todd (Plaintiff-Appellant).

126. Sorrentino, Donald (Plaintiff-Appellant).

127. South, Mark (Plaintiff-Appellant).

128. Stark, Michael (Plaintiff-Appellant).

129. Staton, Austin (Plaintiff-Appellant).

130. Stein, Francesca M. (Appellate Counsel for Defendant-Appellee, Flight Services International, LLC).

131. Stoneking, Elizabeth (Plaintiff-Appellant).

132. Stowells, Forrest (Plaintiff-Appellant).

133. Surber, Barbara Janeice (Plaintiff-Appellant).

134. Swift, John (Plaintiff-Appellant).

135. Taylor, Nick (Plaintiff-Appellant).

136. Thien, Mark (Plaintiff-Appellant).

137. Thompson, William (Plaintiff-Appellant).

138. Thoroughman, Brandon (Plaintiff-Appellant).

139. Tonda, Geri (Plaintiff-Appellant).

140. Verdes, Gustavo (Plaintiff-Appellant).

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

141.  Villella, James (Plaintiff-Appellant).

142.  Vine, S. Jonathan (Trial Counsel for Defendant-Appellee, Flight Services International, LLC).

143.  Wierenga, Brett (Counsel for Defendant-Appellee, Atlas Air, Inc.).

144.  Zarrabian, Farshad (Plaintiff-Appellant).

## **CORPORATE DISCLOSURE STATEMENT**

1.    Appellee, Flight Services International, LLC, is a Texas limited liability company, which is not publicly traded.

2.    Appellee, Flight Services International, LLC, reserves the right to amend this Certificate of Interested Persons and Corporate Disclosure Statement.

Case No. 24-11033

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a) and Eleventh Circuit Rules 34-3(c) and 28-1(c), Appellee, Flight Services International, LLC, respectfully suggests that oral argument will not assist the Court in confirming that the Order Dismissing the Third Amended Complaint with Prejudice, was appropriately entered in favor of Appellee pursuant to the applicable facts and law.

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ..................................................... i

CORPORATE DISCLOSURE STATEMENT ..................................................... ix

STATEMENT REGARDING ORAL ARGUMENT .............................................. x

TABLE OF CONTENTS ................................................................................ xi

TABLE OF CITATIONS ............................................................................. xiii

STATEMENT REGARDING ADOPTION OF BRIEFS OF OTHER PARTIES ....................................................................................................... 1

STATEMENT OF JURISDICTION ................................................................. 2

STATEMENT OF THE ISSUES .................................................................... 3

STANDARD OF REVIEW ........................................................................... 4

STATEMENT OF THE CASE AND FACTS..................................................... 5

    I. Factual Background ..................................................................... 5

    II. Appellants Multiple Attempts to Plead a Cause of Action ....................... 6

SUMMARY OF THE ARGUMENT ................................................................ 9

ARGUMENT.............................................................................................12

    I. THE COURT SHOULD AFFIRM FINAL JUDGMENT FOR FSI BECAUSE THE DISTRICT COURT LACKS PERSONAL JURISDICTION OVER FSI. ...................................................................14

        A. FSI Is Not Subject To General Personal Jurisdiction In Florida .........................................................................................15

        B. FSI Is Not Subject To Specific Personal Jurisdiction In Florida .........................................................................................18

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

II. ALTERNATIVELY, THE COURT SHOULD AFFIRM FINAL JUDGMENT BECAUSE ALL OF THE FSI APPELLANTS' CLAIMS AGAINST FSI ARE SUBJECT TO MANDATORY ARBITRATION. ........................................................................19

CONCLUSION ........................................................................24

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ....................................25

CERTIFICATE OF FILING AND SERVICE .....................................26

SERVICE LIST ........................................................................27

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

# TABLE OF CITATIONS

Page

**Cases**

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*,
  582 U.S. 255 (2017) ................................................................................15

*Carmouche v. Tamborlee Mgmt., Inc.*,
  789 F.3d 1201 (11th Cir. 2015) ...............................................................14

*Complaint of Hornbeck Offshore (1984) Corp.*,
  981 F.2d 752 (5th Cir. 1993) ...................................................................22

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...................................................................8, 15, 16, 18

*Doe v. University of Miami*,
  446 F. Supp. 3d 1000 (S.D. Fla. 2020) ....................................................13

*Fraser v. Smith*,
  594 F. 3d 842 (11th Cir. 2010) .................................................................17

*Gazebo Landscaping Design, Inc. v. Bill Free Custom Homs, Inc.*,
  638 So. 2d 87 (Fla. 4th DCA 1994) .........................................................12

*Hard Candy, LLC v. Hard Candy Fitness, LLC*,
  106 F. Supp. 3d 1231 (S.D. Fla. 20215) ..............................................15, 16

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408, 411 (1984) .........................................................................16

*Johnson v. State*,
  427 So. 2d 1103 (Fla. 3d DCA 1983) .......................................................14

*Knight v. State*,
  672 So. 2d 590 (Fla. 4th DCA 1996) ........................................................13

*Koutsouradis v. Delta Air Lines, Inc.*,
  427 F.3d 1339 (11th Cir. 2005) ................................................................14

*McCullough v. City of Montgomery*,
  No. 2:15-cv-463-RCL, 2020 WL 7647634 (M.D. Ala. Dec. 23, 2020)..............13

*McCullough v. Royal Carib. Cruises, Ltd.*,
  268 F. Supp. 3d 1336 (S.D. Fla. 2017) ............................................................18

*Miller v. SLT Dealer Grp. Ltd.*,
  No. H-08-1546, 2008 WL 11389413 (S.D. Tex. Aug. 8, 2008).........................21

*N.E. v. Department of Children and Families*,
  977 So. 2d 703 (Fla. 5th DCA 2008)................................................................14

*North American Sugar Industries, Inc. v. Xinjiang Goldwind
Science & Technology Co., Ltd.*,
  124 F.4th 1322 (11th Cir. 2025) ....................................................................... 4

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
  558 F.3d 1210 (11th Cir. 2009) ........................................................................ 4

*Parr v. Stevens Transp., Inc.*,
  2020 WL 2200858 (N.D. Tex. May 5, 2020) .......................................21, 22, 23

*Rodriguez v. John Eagle Sport City Motors, LLP*,
  No. 3:14-CV-0334-D, 2014 WL 2587599 (N.D. Tex. June 10, 2014) ...............22

*Rodriguez v. Tri-State Carriers, Inc.*,
  792 So. 2d 1253 (Fla. 1st DCA 2001) ..............................................................13

*Roof & Rack Prods., Inc. v. GYB Invs., LLC*,
  No. 13-80575-CV, 2014 WL 3116413 (S.D. Fla. July 8, 2014).........................17

*Safer v. Nelson Fin. Grp., Inc.*,
  422 F.3d 289 (5th Cir. 2005).............................................................................22

*Sanchez v. Marathon Oil Co.*,
  No. H-20-1044, 2021 WL 1201677 (S.D. Tex. Jan. 21, 2021) .........................20

*Shea v. BBVA Compass Bancshares, Inc.*,
  No. 1:12-cv-23314-KMM, 2013 WL 869526 (S.D. Fla. Mar. 7, 2013) .............23

**COLE, SCOTT & KISSANE, P.A.**

*Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co.*,
    82 So. 3d 73 (Fla. 2012)...................................................................................20

*Spilfogel v. Fox Broadcasting Co.*,
    433 F. App'x 724 (11th Cir. 2011) ..................................................................13

*Thompson v. Carnival Corp.*,
    174 F. Supp. 3d 1327 (S.D. Fla. 2016) ............................................................16

*Tillery v. ATSI, Inc.*,
    No. CV-01-S-2736-NE, 2003 WL 25699080 (N.D. Ala. Apr. 14, 2003)...........13

*United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*,
    363 U.S. 574 (1960) .......................................................................................22

*Viridis Corp. v. TCA Glob. Credit Master Fund, LP*,
    721 F. App'x 865 (11th Cir. 2018) ..................................................................20

*Waite v. All Acquisition Corp.*,
    901 F.3d 1307 (11th Cir. 2018) .......................................................................17

*Washington v. Sears Logis. Servs., Inc.*,
    No. 3:13-CV-3060-L, 2014 WL 2159253 (N.D. Tex. May 23, 2014)................21

*Weinstein v. City of North Bay Village*,
    977 F. Supp. 2d 1271 (S.D. Fla. 2013) ............................................................14

*Williams v. State*,
    977 So. 2d 703 (Fla. 1st DCA 2008) ...............................................................14

**Statutes**

§ 48.193, Fla. Stat. ...............................................................................................14

**Rules**

Fed R. App. P. 12...............................................................................................1, 23

Case No. 24-11033

## <u>STATEMENT REGARDING ADOPTION OF BRIEFS OF OTHER PARTIES</u>

To the extent relevant, FSI adopts the Statement of the Facts in Atlas Air's Answer Brief. FSI also adopts the arguments in Section I of Atlas Air's Answer Brief, related to lack of personal jurisdiction and the arguments in Section II-IV of Atlas Air's Answer Brief, related to the merits of the claims and their dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), as if fully incorporated herein.

Case No. 24-11033

## <u>STATEMENT OF JURISDICTION</u>

FSI does not dispute Appellants' statement regarding the District Court's jurisdiction and this Court's jurisdiction on appeal.

FSI contended below, and the District Court agreed, that the District Court lacked personal jurisdiction consistent with due process over Appellants' causes of action.

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

## <u>STATEMENT OF THE ISSUES</u>

Whether the District Court correctly ruled that it lacked personal jurisdiction over FSI and dismissed Appellants' Second and Third Amended Complaints?

Whether the District Court's judgment of dismissal against FSI properly can be affirmed on the two additional, alternative, bases that FSI presented below:  that (1) the claims against FSI are subject to mandatory arbitration; and (2) the complaint failed to state a cause of action upon which relief could be granted?

Case No. 24-11033

## STANDARD OF REVIEW

"[T]he issue of whether personal jurisdiction is present is a question of law subject to de novo review." *North American Sugar Industries, Inc. v. Xinjiang Goldwind Science & Technology Co., Ltd.*, 124 F.4th 1322, 1332 (11th Cir. 2025) (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009)).

COLE, SCOTT & KISSANE, P.A.

Case No. 24-11033

**STATEMENT OF THE CASE AND FACTS**[1]

## I.  Factual Background

The Plaintiff/Appellants are 89 pilots, flight attendants, and ground staff who work for either Atlas Air, Inc. ("Atlas Air") or Flight Services International, LLC ("FSI"). (Doc. 74 at pg. 20). Five Appellants work for FSI ("FSI Appellants")[2] and the rest for Atlas Air. The Appellants object to the nation's overall response to the COVID-19 pandemic, criticizing the FDA's approval of COVID-19 vaccinations, lockdown orders, public health authorities' encouragement of vaccination, masking, and testing. (Doc. 88 at pg. 1-2). Appellants—both vaccinated and unvaccinated— brought the underlying action arising out of Atlas Air's and Flight Services' COVID-19 vaccination policy. (Doc. 74 at pgs. 20-21).

As pled in Appellants' operative Complaint, Atlas Air is a cargo and passenger charter airline incorporated in Delaware and has its principal place of business in New York. (*Id.* at pg. 6).  In an attempt to create jurisdiction, Appellants focus on Atlas Air's single training center located in Florida. (*Id.* at pgs. 7-8). FSI contracts flight attendants to Atlas Air and the five FSI Appellants worked in that capacity. (*Id.*). Appellants also admit that FSI is a Texas limited liability company

---

[1]    To the extent it is relevant, FSI adopts Atlas Air's Statement of the Facts.
[2]    These five FSI Appellants do not live in Florida and are not based in Florida.

with its principal place of business in Houston, Texas. (*Id.*). FSI's only tie to Florida is Atlas Air's training facility in Miami. (*Id.*).

Importantly, Appellants did not allege that their injuries arose from their connection to the training facility. Instead, they take issue with Atlas Air's and FSI's implementation of COVID-19 vaccination, which they deemed "useless" and "political symbols." (*Id.* at pg. 27). FSI's COVID-19 vaccination policy came directly through an email from FSI's corporate office, which Appellants concede is in Texas. (*Id.* 74 at pgs. 21-22).

## II.    Appellants Multiple Attempts to Plead a Cause of Action

Appellants filed their Initial Complaint on October 27, 2022. (Doc. 1). Atlas Air and FSI moved to dismiss the Complaint because (1) the court lacked personal jurisdiction over Atlas Air and FSI; (2) the claims against FSI are subject to mandatory arbitration; and (3) the complaint generally failed to state a cause of action upon which relief could be granted. Without expressing a view on the merits of the motion to dismiss, the District Court permitted Appellants to file an amended complaint to cure the pleading defects. (Docs. 31, 32).

Appellants filed their First Amended Complaint on March 1, 2023. (Doc. 39). Atlas Air and FSI again moved to dismiss the First Amended Complaint, arguing that the District Court could not exercise personal jurisdiction over Atlas Air and FSI, that all claims against FSI were subject to mandatory arbitration, and that the

First Amended Complaint failed to state any claims upon which relief could be granted. (Doc. 43).

The District Court dismissed Appellants' First Amended Complaint, without prejudice, as a "quintessential shotgun pleading." (Doc. 59 at pgs. 1-3). The District Court found that that the First Amended Complaint committed the "mortal sin" of incorporating by reference the allegation of is predecessors, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions. (*Id.* at pg. 2). The District Court further found that the complaint was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (*Id.* at pg. 3).

Appellants then filed a Second Amended Complaint. (Doc. 63). Once again, Atlas Air and FSI moved to dismiss, arguing that (1) Appellants—who are scatted across the country—cannot establish personal jurisdiction against Atlas Air or FSI; and (2) the five FSI employees' claims are barred by the mandatory arbitration clause. (Doc. 66).  Additionally, Atlas and FSI's motion to dismiss argued that none of Appellants' causes of action stated a claim for relief.  (*Id.* at pgs. 29-51).

The District Court dismissed the Second Amended Complaint, finding that it could not exercise personal jurisdiction over FSI. (Doc. 73).  The Court also granted Atlas Air's motion to dismiss based on personal jurisdiction. (*Id.* at pg. 4-10). FSI is a Texas limited liability company with its principal place of business in Texas. (*Id.*

Case No. 24-11033

at pg. 6). The District Court found that it could not exercise either general or specific personal jurisdiction over FSI. First, while FSI may conduct some business in Florida—sending flight attendants to train at Atlas Air's Miami training center—FSI is not subject to suit "in every State in which a corporation engages in a substantial, continuous, and systematic course of business." (*Id.*) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014)). Second, FSI lacks sufficient minimum contacts with Florida to justify specific person jurisdiction. (*Id.* at p 8). FSI does not have direct or personal contacts with Florida; the Second Amended Complaint did not assert that FSI developed any of its COVID-19 policies in Florida or disseminated the information in Florida; nor are any of the FSI employee Plaintiff/Appellants based in Florida. (*Id.*). Appellants solely alleged that FSI employees complete their training in Miami, but made no other connection between the training and the alleged harm suffered when they became vaccinated or chose to remain unvaccinated. (*Id.*).

In their fourth attempt to plead a viable cause of action, Appellants did not amend any of their causes of action against FSI. (Doc. 74). Appellants notified the District Court that "the only change from the Second Amended Complaint to the Third Amended Complaint. . . is the addition of Count XI." (Doc. 81 at pg. 7; Doc. 88 at pg. 88). Since Count XI alleged that Atlas Air violated the Federal Food, Drug, and Cosmetic Act, Appellants agreed that FSI "ha[d] no obligation to respond to any part of the Third Amended Complaint." (Doc. 80; Doc. 81 at pgs. 7-8). Thus, all

causes of action against FSI were dismissed with the Order dismissing the Second Amended Complaint.

The District Court then dismissed the Third Amended Complaint and entered Final Judgment in favor of Atlas Air and FSI. (Doc. 88 at pg. 1-6).

### III.    Appellants' Appeal to This Court

Appellants appealed the March 19, 2024 Final Judgment to this Court. The Court dismissed the appeal on March 28, 2024 for want of prosecution for their failure to file case-opening documents. The appeal was reinstated in November 2024.

Appellants filed their Initial Brief on March 10, 2025, which was deficient for failure to comply with the applicable Rules of Appellate Procedure. Appellants then filed a Corrected and Second Corrected Initial Brief, to which FSI now responds.

## <u>SUMMARY OF THE ARGUMENT</u>

The District Court properly dismissed Appellants' claims against FSI because it lacked personal jurisdiction over FSI. FSI—a Texas company—is not subject to either general or specific personal jurisdiction in Florida.

First, FSI is not subject to general personal jurisdiction in Florida. Appellants did not and cannot carry their heavy burden to establish to establish that FSI is "at home" in Florida. FSI is a Texas limited liability company with its principal place of business in Houston, Texas; its offices and business records are located in Texas;

all of its financial, accounting, and operational decisions are made in Texas; and it has never owned, rented, possessed, or maintained real property or financial accounts in Florida. FSI's sole ties to Florida—as alleged in Appellants' operative complaint—are that FSI's employees are training at a facility in Florida. As a matter of law, these allegations do not satisfy due process for purposes of general personal jurisdiction.

Second, FSI is not subject to specific personal jurisdiction in Florida. Appellants did not allege any connection between their claims and Florida. The FSI Appellants do not reside in Florida, work in Florida, or have any other connection to Florida. Indeed, the email that Appellants contend forms the basis of their case did not originate in Florida. Rather it was sent from FSI's corporate office in Texas. Thus, there were insufficient contacts with Florida to exercise specific personal jurisdiction over FSI.

Alternatively, the District Court correctly dismissed the claims because the claims against FSI are subject to mandatory arbitration. Each of the FSI Appellants agreed to arbitrate the issues raised in their operative complaint.

Finally, FSI incorporates by reference the arguments by Atlas Air on appeal as to why Appellants' claims fail to state a claim for relief, which as the District Court recognized in dismissing the Third Amended Complaint against Atlas Air, provide a further alternative ground to affirm the judgment of dismissal against FSI.

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

Accordingly, the District Court correctly dismissed Appellants' Third Amended Complaint, and this Court should affirm the March 19, 2024 Final Judgment in its entirety.

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

## **ARGUMENT**[3]

At the outset, FSI notes that several cases cited in Appellants' Initial Brief appear to be hallucinated: *Doe v. Roe*, 638 So. 2d 87, 88 (Fla. 4th DCA 1994); *Spilfogel v. Fox Broadcasting Co.*, 792 So. 2d 1254, 1256 (Fla. 4th DCA 2001); *Doe v. University of Miami*, 2020 WL 7647634, at *6 (S.D. Fla. Dec. 23, 2020); *Jewell v. New York Life Insurance Co.*, 2018 WL 1792348, at *4 (M.D. Fla. Apr. 16, 2018); *Lofton v. Kravitz*, 672 So. 2d 591, 593 (Fla. 4th DCA 1996); *Tillery v. ATSI, Inc.*, 2005 WL 81628, at *3 (11th Cir. Jan. 14, 2005); *Koutsouradis v. Delta Air Lines, Inc.*, 427 So. 2d 1105, 1107 (Fla. 3d DCA 1983); *Weinstein v. City of North Bay Village*, 977 So. 2d 703, 706 (Fla. 3d DCA 2008).

While some of these case citations appear to correspond to names of real cases (although the citations are incorrect), other citations correspond to entirely different case names. For example:

- the citation to *Doe v. Roe*, actually corresponds to *Gazebo Landscaping Design, Inc. v. Bill Free Custom Homs, Inc.*, 638 So. 2d 87 (Fla. 4th DCA 1994)

- the citation to *Spilfogel v. Fox Broadcasting Co.*, 792 So. 2d 1254, 1256 (Fla. 4th DCA 2001), seems to correspond to *Rodriguez v. Tri-State*

---

[3]    FSI adopts the arguments in section I of Atlas Air's Answer Brief, related to lack of personal jurisdiction, as well as the arguments in sections II-VII of that Brief as to the merits of the claims, as if fully incorporated herein.

**COLE, SCOTT & KISSANE, P.A.**

*Carriers, Inc.*, 792 So. 2d 1253 (Fla. 1st DCA 2001), although there is an Eleventh Circuit citation for *Spilfogel v. Fox Broadcasting Co.*, 433 F. App'x 724 (11th Cir. 2011).

- the citation to *Doe v. University of Miami*, 2020 WL 7647634, at *6 (S.D. Fla. Dec. 23, 2020), corresponds to *McCullough v. City of Montgomery*, No. 2:15-cv-463-RCL, 2020 WL 7647634 (M.D. Ala. Dec. 23, 2020), although there is a Sothern District case titled *Doe v. University of Miami*, 446 F. Supp. 3d 1000 (S.D. Fla. 2020).

- the citation to *Jewell v. New York Life Insurance Co.*, 2018 WL 1792348, at *4 (M.D. Fla. Apr. 16, 2018), corresponds to the State Advisory Councils' Final Rule removing the Legal Services Corporation regulation on state advisory councils

- the citation to *Lofton v. Kravitz*, 672 So. 2d 591, 593 (Fla. 4th DCA 1996), corresponds to *Knight v. State*, 672 So. 2d 590 (Fla. 4th DCA 1996)

- the citation to *Tillery v. ATSI, Inc.*, 2005 WL 81628, at *3 (11th Cir. Jan. 14, 2005), does not appear to exist, but there is an Alabama case titled *Tillery v. ATSI, Inc.*, No. CV-01-S-2736-NE, 2003 WL 25699080 (N.D. Ala. Apr. 14, 2003)

- the citation to *Koutsouradis v. Delta Air Lines, Inc.*, 427 So. 2d 1105, 1107 (Fla. 3d DCA 1983) corresponds to *Johnson v. State*, 427 So. 2d 1103 (Fla.

3d DCA 1983), even though the case name is associated with the Middle District case *Koutsouradis v. Delta Air Lines, Inc.*, 427 F.3d 1339 (11th Cir. 2005)

- the citation to *Weinstein v. City of North Bay Village*, 977 So. 2d 703, 706 (Fla. 3d DCA 2008) corresponds to two different cases: *Williams v. State*, 977 So. 2d 703 (Fla. 1st DCA 2008) and *N.E. v. Department of Children and Families*, 977 So. 2d 703 (Fla. 5th DCA 2008). The case name, however, is associated with a Southern District case, *Weinstein v. City of North Bay Village*, 977 F. Supp. 2d 1271 (S.D. Fla. 2013).

Thus, Appellants should not be allowed to rely upon these apparently hallucinated cases to support their position, as FSI and Atlas Air cannot adequately respond.

## I. THE COURT SHOULD AFFIRM FINAL JUDGMENT FOR FSI BECAUSE THE DISTRICT COURT LACKS PERSONAL JURISDICTION OVER FSI.

Florida's long-arm statute, Fla. Stat. § 48.193(2), "extends to the limits on personal jurisdiction imposed by the Due Process Clause," meaning the District Court "need only determine whether [its] exercise of jurisdiction over [FSI] would exceed constitutional bounds." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015). There are two avenues to establish personal jurisdiction under the Constitution's Due Process Clause exist for a nonconsenting corporation—

general and specific jurisdiction. "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017). On the other hand, "[i]n order for [a] court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum.'" *Id.*

Here, the District Court correctly found that it could not exercise either general or specific personal jurisdiction over FSI and dismissed the complaint with prejudice. For the following reasons, this Court should affirm.

### A. <u>FSI Is Not Subject To General Personal Jurisdiction In Florida</u>

Appellants admit, FSI "is a Texas limited liability company with its principal place of business in Houston, Texas." (Doc. 63 at pg. 7). Accordingly, Appellants have the "heavy burden" to establish that FSI is "at home" in Florida (outside of its home state of Texas). *See Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (recognizing that absent an "exceptional case," a corporation is "at home" and subject to general personal jurisdiction only in the states where it is incorporated or where it has its principal place of business); *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1250 (S.D. Fla. 20215) ("The Due Process Clause imposes a high standard" for a corporation to "be subject to the exercise of general jurisdiction [outside these paradigm forums]."); *Thompson v. Carnival*

*Corp.*, 174 F. Supp. 3d 1327, 1336 n. 7 (S.D. Fla. 2016) (recognizing that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

Here, Appellants did not and cannot carry their "heavy burden" to establish FSI is "at home" in Florida. Appellants alleged that (1) "[a]ll [FSI's] employees receive all their training at the Atlas training facility in Miami"; (2) "[a]ll FSI flight attendants are trained [in Miami]"; and (3) "[t]here is always a significant presence of FSI personnel in Miami." (Doc. 63 at pgs. 7-8). But, these allegations, even accepted as true, are insufficient as a matter of law to subject FSI to general jurisdiction in Florida. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411, 418–19 (1984) (finding there was no general jurisdiction where the defendant purchased 80 percent of its helicopter fleet in forum state and sent its employees there for training).

Florida exercising general jurisdiction over FSI would violate due process, as FSI does not maintain "affiliations with [Florida that] are so continuous and systematic as to render [it] essentially at home" here. *Daimler*, 571 U.S. at 127; *Hard Candy, LLC*, 106 F. Supp. 3d at 1250. Again, FSI is a Texas limited liability company with its principal (and only) place of business in Houston, Texas. (Doc. 31-2). FSI's offices and business records are also located in Texas, all FSI's financial, accounting, and operational decisions are made in Texas, and FSI has

never owned, leased/rented, possessed, or maintained real property in Florida, never maintained an office in Florida, and never maintained a financial account in Florida. (Doc. 31-2 at ¶¶ 5-10). Nor could the court exercise general personal jurisdiction over FSI even if it did merely own real estate, maintain an office, or maintain financial accounts in Florida, because those alone are not enough to render a corporation "at home" in a jurisdiction. *See Roof & Rack Prods., Inc. v. GYB Invs., LLC*, No. 13-80575-CV, 2014 WL 3116413, at *4 (S.D. Fla. July 8, 2014) (recognizing under *Daimler* that exercising general jurisdiction over a defendant with its principal place of business in Texas would violate due process despite defendant sending employees to Florida to train); *Fraser v. Smith*, 594 F. 3d 842, 846–47 (11th Cir. 2010) (noting that even pre-*Daimler*, no general jurisdiction though defendant sent employees and representatives to Florida for training); *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1318 (11th Cir. 2018) (finding no general jurisdiction over defendant, which had "built a plant in the state," because "*Daimler* tell us that even 'substantial, continuous, and systematic business is insufficient to make a company 'at home' in the state.'"). Florida simply cannot exercise general personal jurisdiction over FSI under these facts.

Instead, Appellants attempted to bootstrap FSI to Atlas to establish general personal jurisdiction by alleging that "[a]ll the flight attendants who are staffed on Atlas Air flights are contracted through FSI." (Doc. 63 at pg. 7). First, as discussed

Case No. 24-11033

in Atlas's Answer Brief, general personal jurisdiction over Atlas is inappropriate post-*Daimler*. Second, *Daimler* and its progeny also hold that agency relationships cannot confer general jurisdiction even within the same corporate family. *See McCullough v. Royal Carib. Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1348–49 (S.D. Fla. 2017) (holding that "*Daimler* rejected the Ninth Circuit's agency theory of jurisdiction" and finding no general jurisdiction because "[w]ithout the agency theory, the [Plaintiffs] [had] provided no evidence or authority to support a finding that [the Defendant]—a British Virgin Islands company with no Florida presence . . . is essentially at home in Florida"). It, therefore, follows that general personal jurisdiction over FSI as a separately owned and operated company in this case must be evaluated separately. *See id.* And, it is undisputed that FSI is incorporated and has its principal place of business in Texas, not Florida. (Doc. 63 at pg. 7). Accordingly, the District Court properly found that FSI is not subject to Florida's general personal jurisdiction.

### B. FSI Is Not Subject To Specific Personal Jurisdiction In Florida

FSI is also not subject so specific jurisdiction in Florida. The Appellants' Second Amended Complaint did not contain any allegations regarding FSI's Florida contacts related to this lawsuit. Rather, Appellants seek to premise specific jurisdiction on the allegation that FSI "caused harm to numerous plaintiffs in the state of Florida." (Doc. 63 at pg. 8). Yet, Appellants do not establish that any FSI

Appellants' claims arise out of FSI's contacts with the state of Florida, or even allege that any FSI Appellants reside or work in Florida. In fact, affidavits from FSI established that "[s]ince FSI's formation, none of the [five] [FSI Appellants] who are or were employed by FSI were or are based in Florida." (Doc. 31-2 at ¶ 13). Further, a single allegation that FSI's President sent an email to these Texas-based FSI employees regarding the vaccine policy does not justify specific jurisdiction in Florida. (Doc. 63 at pgs. 19-20).

Accordingly, none of the FSI Appellants identified any connection between their claims and the state of Florida. Thus, the District Court correctly determined that it lacked personal jurisdiction over all claims against FSI and dismissed the action, with prejudice.

## II. ALTERNATIVELY, THE COURT SHOULD AFFIRM FINAL JUDGMENT BECAUSE ALL OF THE FSI APPELLANTS' CLAIMS AGAINST FSI ARE SUBJECT TO MANDATORY ARBITRATION.

Even if FSI was subject to personal jurisdiction in Florida—which for the reasons discussed above, it is not—all of the FSI Appellants' claim are subject to mandatory arbitration. FSI presented this argument for dismissal below. (Doc. 43 at pgs. 27-29; Doc. 66 at pgs. 26-28; Doc. 70 at pgs. 9-11).

Each of the FSI Appellants' acknowledged receipt of FSI's Employee Handbook, via electronic signature, which includes an unambiguous mandatory

arbitration clause for all disputes. Therefore, they were required to submit their claims against FSI to mandatory and binding arbitration. The provision provides:

> Further, I acknowledge and agree that (i) my employment with Company is an "at-will" relationship that has no specific duration and that is terminable by either me or FSI at any time, with or without advance notice, (ii) unless otherwise provided by law, all disputes, claims and controversies which I may have with FSI, whether individual, joint or as part of a class, shall be arbitrated in Harris County, Texas as administered by and pursuant to the rules of the American Arbitration Association (www.adr.org; 800.778.7879) and any decision or award shall be final, binding and enforceable in a court of law. The arbitration shall be governed by the laws of the State of Texas and the U.S. Arbitration Act, 9 USC Sections 1-16 to the exclusion of provision of sate law inconsistent with the Federal Act.

(Doc. 66 at pg 26).

Under Texas law, FSI's arbitration clause is valid and enforceable. *See Sanchez v. Marathon Oil Co.*, No. H-20-1044, 2021 WL 1201677, at *4 (S.D. Tex. Jan. 21, 2021) ("[I]t is state law that controls the determination of whether parties have agreed to arbitrate."); *Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 80 (Fla. 2012) ("An agreement between parties to be bound by the substantive laws of another jurisdiction is presumptively valid, and this Court will enforce a choice-of-law provision unless applying the chosen forum's law would contravene a strong public policy of this State."); *Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 721 F. App'x 865, 873 (11th Cir. 2018).

Claims are subject to arbitration when (1) there is a valid agreement to arbitrate between the parties, and (2) the dispute in question falls within the scope of the arbitration agreement. *Washington v. Sears Logis. Servs., Inc.*, No. 3:13-CV-3060-L, 2014 WL 2159253, at *3 (N.D. Tex. May 23, 2014); *see also Parr v. Stevens Transp., Inc.*, 2020 WL 2200858, at *4 (N.D. Tex. May 5, 2020) ("When faced with such an agreement, courts have no discretion but to compel arbitration unless the [arbitration] clause's validity is challenged on legal or public policy grounds.").

Here, the FSI Appellants' claims are subject to mandatory arbitration because there is a valid agreement to arbitrate between the parties and the dispute in question falls within the scope of the arbitration agreement.

First, FSI submitted signed arbitration agreements between FSI and each of the FSI Appellants. *See Miller v. SLT Dealer Grp. Ltd.*, No. H-08-1546, 2008 WL 11389413, at *3 (S.D. Tex. Aug. 8, 2008) ("It is a widely-accepted principle of contract that one who signs or accepts a written instrument will normally be bound in accordance with its written terms."); *Washington*, 2014 WL 2159253, at *4 ("Under Texas law, an employer may enforce an arbitration agreement . . . if the employee received notice of the employer's arbitration policy and accepted it."). The arbitration agreements provide that "all disputes, claims and controversies which [the FSI Appellants] may have with FSI shall be arbitrated in Harris County, Texas," and "shall be governed by the laws of Texas and the Federal Arbitration Act." (Doc.

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

66 at pg 26); *see Rodriguez v. John Eagle Sport City Motors, LLP*, No. 3:14-CV-0334-D, 2014 WL 2587599, at \*2 (N.D. Tex. June 10, 2014) (holding a similar arbitration clause enforceable); *Parr v. Stevens Transport, Inc.*, No. 3:19-CV-2378-S, 2020 WL 2200858, at \*4 (finding that signatures by plaintiffs were "evidence of a valid and enforceable agreement").

Second, all claims in question fall within the scope of the arbitration provision. As a general principle, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 294 (5th Cir. 2005). To that end, the agreements embracing "[a]ny dispute or difference between the parties" should be referred to arbitration. *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993); *see also Rodriguez v. John Eagle Sport City Motors, LLP*, No, 3:14-CV-0334-D, 2014 WL 2587599, at \*2 (N.D. Tex. June 10, 2014) (enforcing arbitration agreement that contained "any dispute" language); *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 584-85 (1960) (holding that "[i]n the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail").

Here, the arbitration provisions that each of the FSI Appellants signed subjects "all disputes, claims and controversies" that they may have with FSI to arbitration. Thus, all of the FSI Appellants' claims fall within the scope of the arbitration

agreement and, thus, must be dismissed. *Parr*, 2020 WL 2200858, at \*1–4 (holding that an arbitration agreement covering "all claims or controversies [ ] between the parties" required claims be arbitrated).

Accordingly, even if Florida could exercise personal jurisdiction over FSI, the FSI Appellants' claims were properly dismissed, because they are subject to mandatory arbitration. *Shea v. BBVA Compass Bancshares, Inc.*, No. 1:12-cv-23314-KMM, 2013 WL 869526, at \*2 n.3 (S.D. Fla. Mar. 7, 2013) (holding a motion to compel arbitration as a motion to dismiss under Rule 12(b)(1)).

Case No. 24-11033

## CONCLUSION

For the reasons set forth by the District Court below, and in this Answer Brief, Appellee, Flight Services International, LLC, respectfully request that this Court affirm the District Court in all respects.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Cole, Scott & Kissane Building, Suite 1400
9150 South Dadeland Boulevard
Miami, Florida 33156
Telephone:　(786) 268-6890
Facsimile:　(305) 373-2294
E-mail: scott.cole@csklegal.com
E-mail: francesca.stein@csklegal.com
E-mail: charo.fagundez@csklegal.com
E-mail: emily.fernandez@csklegal.com

By: _s/ Francesca M. Stein_
　　SCOTT A. COLE
　　FBN:　885630
　　FRANCESCA M. STEIN
　　FBN: 1039150
　　*Counsel for Appellee, Flight Services International, LLC*

- 24 -

Case No. 24-11033

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitations of Fed. R. App. P. 32 (a)(7)(B) because this brief contains 4,516 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 ProPlus in Times New Roman, 14-point font.

By: */s/ Francesca M. Stein*
SCOTT A. COLE
FBN: 885630
FRANCESCA M. STEIN
FBN: 1039150
*Counsel for Appellee, Flight Services*
*International, LLC*

Case No. 24-11033

## CERTIFICATE OF FILING AND SERVICE

WE HEREBY CERTIFY that on this <u>12th</u> day of May, 2025, we electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system, which will serve a copy of the foregoing on all parties listed on the attached **Service List**.

By:   <u>*/s/ Francesca M. Stein*</u>
      SCOTT A. COLE
      FBN: 885630
      FRANCESCA M. STEIN
      FBN: 1039150
      *Counsel for Appellee, Flight Services International, LLC*

**COLE, SCOTT & KISSANE, P.A.**

Case No. 24-11033

## SERVICE LIST

Anthony Sabatini, Esq.
Sabatini Law Firm P.A.
411 N. Donnelly Street, Suite 313
Mount Dora, FL 34737
anthony@sabatinilegal.com
*Counsel for Plaintiffs-Appellants*

John M. Pierce, Esq.
John Pierce Law PC
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91637
jpierce@johnpiercelaw.com
*Counsel for Plaintiffs-Appellants*

Alexander V. Maugeri, Esq.
Jones Day
250 Vesey Street
New York, NY 10281
amaugeri@jonesday.com
*Counsel for Defendant-Appellee,
Atlas Air, Inc.*

Jonathan M. Linas, Esq.
Jones Day
110 N. Wacker Drive
Suite 4800
Chicago, IL 60606
jlinas@jonesday.com
*Counsel for Defendant-Appellee,
Atlas Air, Inc.*

Eliot Pedrosa, Esq.
Jones Day
600 Brickell Avenue
Miami, FL 33133
epedrosa@jonesday.com
*Counsel for Defendant-Appellee,
Atlas Air, Inc.*

Brett Wierenga, Esq.
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
*Counsel for Defendant-Appellee,
Atlas Air, Inc.*

**COLE, SCOTT & KISSANE, P.A.**