Case No. 24-11033

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

ESTATE OF LANE CAVINESS, et al.,

Plaintiffs-Appellants,

v.

ATLAS AIR, INC., et al.,

Defendants-Appellees.

---

On Appeal from the United States District Court

for the Southern District of Florida

(District Court Case No. 1:22-cv-23519-KMM)

**REPLY BRIEF OF APPELLANTS**

Anthony F. Sabatini, Esq.
Florida Bar No. 1018163
Sabatini Law Firm P.A.
411 N Donnelly Street, Suite 313
Mount Dora, FL 32757
(352) 455-2928                    Counsel for Appellants
anthony@sabatinilegal.com         Filed: September 2, 2025

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellants certify that the Certificate of Interested Persons and Corporate Disclosure Statement previously filed with their Initial Brief remains complete and correct. Appellants incorporate that prior certificate by reference herein pursuant to 11th Cir. R. 26.1-1(b).

1

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement……….....….. 1

Table of Contents…………………………………………………………………….. 2

Table of Authorities……………………………………………………………….. 3

Introduction and Summary of the Argument…………………………………… 6

Argument…………………………………………………………………………….. 8

  I. The District Court Erred in Dismissing for Lack of Personal Jurisdiction……. 8

    A. Appellees Have Minimum Contacts with Florida…………………………… 8

    B. The District Court Erred by Denying Jurisdictional Discovery……………. 10

  II. The District Court Erred in Dismissing for Failure to State a Claim………... 11

    A. The Complaints Satisfy Iqbal/Twombly Pleading Standards……….……... 12

    B. Title VII Claims Are Plausibly Pled……………………………….……. 12

    C. Bivens Claims Were Improperly Dismissed at Rule 12 Stage………....…… 13

    D. State-Law Claims (IIED, Negligence) Satisfy Florida Law Standards…...... 14

    E. EUA Preemption Arguments Do Not Justify Dismissal…………………..... 15

  III. Appellants' Clarification and Withdrawal of Inaccurate Citations………..... 16

    A. Acknowledgment of Citation Errors………………….……………….… 16

    B. Withdrawal of Inaccurate Citations……………………….……………….. 16

    C. Valid Legal Support for Appellants' Arguments…………….………….... 17

Conclusion…………………………………………………………………….. 19

Certificate of Compliance…………………………………………………….. 19

Certificate of Service………………………………………………………….. 21

## TABLE OF AUTHORITIES

**<u>Federal Cases</u>**

*Ashcroft v. Iqbal,*

    556 U.S. 662, 129 S. Ct. 1937 (2009)……………………………… 11, 18

*Bell Atl. Corp. v. Twombly,*

    550 U.S. 544, 127 S. Ct.  (2007)………………………………… 11, 18

*Bivens v. Six Unknown Named Agents,*

    403 U.S. 388, 91 S. Ct. 1999, (1971)…………………………... 13, 14, 18

*Burger King Corp. v. Rudzewicz,*

    471 U.S. 462, 105 S. Ct. 2174 (1985)…………………………… 6, 8, 10, 17

*Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.,*

    592 U.S. 351, 141 S. Ct. 1017  (2021)…………………….….... 6, 8, 9, 17

*Hernandez v. Mesa,*

    589 U.S. 93, 140 S. Ct. 735 (2020)…………………………….... 13, 18

*Hishon v. King & Spalding,*

    467 U.S. 69, 104 S. Ct. 2229 (1984)…………………………….. 12, 18

*International Shoe Co. v. Washington,*

    326 U.S. 310, 66 S. Ct. 154 (1945)…………………………….. 8, 9, 17

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,*

507 U.S. 163, 113 S. Ct. 1160 (1993)…………...…………….... 12, 18

*Madara v. Hall,*

916 F.2d 1510 (11th Cir. 1990)……………………………………………. 8, 17

*PVC Windoors, Inc. v. Babbitbay Beach Const.,*

598 F.3d 802 (11th Cir. 2010)…………………………..……….….... 8, 17

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,*

119 F.3d 935 (11th Cir. 1997)……………………………….. 10

*Snow v. DirecTV, Inc.,*

450 F.3d 1314 (11th Cir. 2006)……………………………………………… 10

*United Techs. Corp. v. Mazer,*

556 F.3d 1260 (11th Cir. 2009)……………………………………………… 10

*Ziglar v. Abbasi,*

582 U.S. 120, 137 S. Ct. 1843 (2017)………………………………… 13, 18

## Florida Cases

*Doe v. Evans,*

814 So. 2d 370 (Fla. 2002)…………………………………………… 14, 18

*Eastern Airlines, Inc. v. King,*

    557 So. 2d 574 (Fla. 1990)…………………………………………… 14, 18

*Metropolitan Life Ins. Co. v. McCarson,*

    467 So. 2d 277 (Fla. 1985)………………………………………… 14, 18

*Nims v. Harrison,*

    768 So. 2d 1198 (Fla. 1st DCA 2000)…………………………………14, 18

## Statutes & Rules

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq…………….. 13

28 U.S.C. § 1331…………………………………………………………… 7, 15

Fed. R. Civ. P. 12(b)(2), 12(b)(6)……………………………………….. 6, 8, 11, 15

Florida Long-Arm Statute, Fla. Stat. § 48.193…………………………………. 6, 8

## Other Authorities

EUA (21 U.S.C. § 360bbb-3)…………………………………………………… 7, 15

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

Appellants respectfully submit this Reply Brief to address the arguments presented in Appellees' Answer Briefs (Docs. 46 and 47) and to clarify the record.

First, Appellees' jurisdictional arguments ignore well-established principles of specific personal jurisdiction under Florida's long-arm statute (Fla. Stat. § 48.193) and federal due process. Appellees maintain substantial, purposeful contacts with Florida, including operating training centers and enforcing employment policies directly connected to the alleged injuries. The claims arise from those Florida-based contacts, satisfying the requirements of *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), Ford Motor Co. v. Montana Eighth Judicial Dist. Ct., 592 U.S. 351 (2021), and controlling Eleventh Circuit precedent. The district court also erred by denying jurisdictional discovery despite Appellants' prima facie showing of jurisdictional facts warranting targeted discovery.

Second, Appellees' defense of the Rule 12(b)(6) dismissals misapplies *Iqbal* and *Twombly*. The Second and Third Amended Complaints (RE 298–350, 485–540) contain extensive factual allegations detailing Appellees' coercive employment policies, adverse employment actions, and the hostile, harassing environment created for employees seeking religious or medical exemptions. These allegations

plausibly state claims under Title VII, Bivens, and state-law tort theories under Florida law.

Third, Appellees' assertion that EUA preemption categorically bars these claims is overbroad and contrary to the statutory text, which requires notice of the right to refuse and preserves implied rights of action under federal-question jurisdiction (21 U.S.C. § 360bbb-3; 6, U.S.C. § 1331). Additionally, FSI's argument for mandatory arbitration fails, as the agreements do not encompass these federal and state claims, and enforcement would violate public policy.

Fourth, Appellants acknowledge that certain citations in their Initial Brief were erroneous or unverifiable. Appellants apologize to the Court and opposing counsel for these errors, which stemmed from research oversights and do not reflect on the merits. Appellants formally withdraw those citations in this Reply Brief and substitute valid controlling and persuasive authorities establishing the same legal principles. These corrections do not alter the core legal arguments or the sufficiency of the record below.

For these reasons, Appellants respectfully request that the Court reverse the district court's orders dismissing the Second and Third Amended Complaints with prejudice and remand the case for further proceedings, including jurisdictional discovery.

7

**ARGUMENT**

The district court's dismissal for lack of personal jurisdiction under Rule 12(b)(2) is reviewed de novo, with all reasonable inferences drawn in Appellants' favor. See Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). The court must determine whether the allegations and record make a prima facie showing under Florida's long-arm statute, Fla. Stat. § 48.193, and due process. *PVC Windoors, Inc. v. Babbitbay Beach Const.,* 598 F.3d 802, 807 (11th Cir. 2010).

Appellees argue there are no Florida contacts sufficient for specific jurisdiction. That argument mischaracterizes both the legal standard and the well-pleaded allegations in the Second and Third Amended Complaints. The Supreme Court has repeatedly held that purposeful availment and claims arising from forum-related contacts satisfy due process. *See Ford Motor Co. v. Montana Eighth Judicial Dist. Ct*., 592 U.S. 351 (2021); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–74 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**I. The District Court Erred in Dismissing for Lack of Personal Jurisdiction**

**A. Appellees Have Minimum Contacts with Florida**

Appellees purposefully availed themselves of Florida's benefits and protections by operating training centers, enforcing employment policies in Miami,

and directly controlling conditions of employment that led to Appellants' injuries. (RE 298–350, 485–540). Appellants alleged they were threatened with termination if they did not comply with policies applied from or enforced in Florida, including at Atlas's Miami Training Center. (RE 298–350, SAC ¶¶ 60–85, 163; RE 485–540, TAC ¶¶ 254–60). These contacts are not random or attenuated but directly relate to the claims of coercion, harassment, and privacy invasion stemming from Florida-based policy implementation.

Appellees' reliance on *Daimler AG v. Bauman* is misplaced because that case addressed general jurisdiction, while this appeal concerns specific jurisdiction tied directly to Florida-based operational decisions. *See Ford Motor Co*., 592 U.S. at 358–59 (specific jurisdiction satisfied where claims "relate to" or "arise out of" defendant's forum activities). Exercising jurisdiction here comports with traditional notions of fair play and substantial justice, as Appellees could reasonably anticipate being hauled into Florida courts for disputes arising from their Miami operations. See *International Shoe*, 326 U.S. at 320.

Additionally, FSI's attempt to avoid jurisdiction by relying on a Texas address ignores its role as Atlas's contracting partner in staffing and enforcing the challenged policies for Florida-based training and flights. Even assuming FSI's headquarters are in Texas, the Eleventh Circuit recognizes that jurisdiction cannot be avoided where a defendant's contractual obligations foreseeably involve Florida-based operations.

*See Burger King*, 471 U.S. at 479–80. FSI's affidavit claiming no Florida ties (RE 2, Doc. 31-2) is contradicted by the complaints' allegations of integrated operations, warranting resolution in Appellants' favor at this stage.

## B. The District Court Erred by Denying Jurisdictional Discovery

Appellees' arguments also overlook the district court's error in denying jurisdictional discovery. While the district court's ruling on discovery is reviewed for abuse of discretion, *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009), such discretion is abused when a plaintiff makes a colorable showing of jurisdiction but cannot access evidence needed to prove it. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 947 (11th Cir. 1997).

Here, Appellants sought limited, targeted discovery regarding Appellees' communications, policy enforcement mechanisms, and training center operations in Florida. (RE 9, Motion to Conduct Jurisdictional Discovery, Doc. 70). The district court refused any discovery, effectively insulating Appellees from jurisdictional scrutiny despite a prima facie showing. (RE 9, Order Denying Discovery, Doc. 70).

The Eleventh Circuit has repeatedly reversed dismissals where district courts denied jurisdictional discovery despite non-frivolous jurisdictional allegations. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (discovery required where plaintiff presented evidence suggesting Florida contacts). The district court

here erred by refusing to allow any discovery, requiring reversal and remand at minimum. This error is compounded by FSI's arbitration arguments, which assume jurisdiction but seek dismissal on alternative grounds, discovery would clarify whether Florida ties override Texas forum-selection clauses.

Accordingly, this Court should reverse the dismissal under Rule 12(b)(2) and remand for jurisdictional discovery and further proceedings.

## II. The District Court Erred in Dismissing for Failure to State a Claim

The district court's dismissal under Rule 12(b)(6) is reviewed de novo, with the Court accepting all well-pleaded factual allegations as true and construing them in the light most favorable to Appellants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Appellees contend the Second and Third Amended Complaints fail to meet the Iqbal/Twombly plausibility standard, but that argument mischaracterizes both the applicable law and the factual detail pled in the operative complaints.

The Second Amended Complaint (RE 298-350) and Third Amended Complaint (RE 485-540) allege detailed, non-conclusory facts about Appellees' coercive COVID-19 vaccination policies, retaliatory threats, and harassment of employees requesting exemptions. Appellees' defense seeks to reframe these

11

allegations as "reasonable accommodation" rather than harassment, a question of fact not suitable for resolution at the pleading stage.

## A. The Complaints Satisfy Iqbal/Twombly Pleading Standards

Appellants' allegations easily clear the plausibility threshold. Under Iqbal and Twombly, a complaint must contain sufficient factual matter to state a claim that is plausible on its face, not conclusory or speculative. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–56.

The SAC and TAC describe, in detail, how Appellees implemented and enforced uniform, mandatory vaccination policies under threat of termination, ignored or mocked exemption requests, and subjected objectors to shaming and invasive disclosures. (RE 298–350, SAC ¶¶ 60–85, 163; RE 485–540, TAC ¶¶ 254–60). These allegations are specific, non-conclusory, and sufficient to satisfy Rule 8.

Appellees improperly demand evidentiary proof at the pleading stage. The Supreme Court has held that Rule 8 does not require detailed evidence or probability, only plausibility supported by factual allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984*); Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

**B. Title VII Claims Are Plausibly Pled**

Appellees argue the Title VII claims fail because the policies were "reasonable" accommodations or non-discriminatory. But the SAC and TAC allege that the policies were applied in a harassing, punitive manner toward those seeking religious or medical exemptions, creating a hostile work environment based on protected status. (RE 298–350, SAC ¶¶ 60–85, 163; RE 485–540, TAC ¶¶ 254–60).

Such allegations are sufficient at the pleading stage to state a plausible Title VII hostile work environment claim. *See* 42 U.S.C. § *2000e et seq*.; *Iqbal,* 556 U.S. at 678. Whether Appellees' policies were "reasonable" is a fact question not suitable for dismissal. Appellees' characterization of coercion and shaming as "reasonable accommodation" is precisely the type of factual dispute that warrants discovery.

**C. Bivens Claims Were Improperly Dismissed at Rule 12 Stage**

Appellants also plausibly alleged Bivens claims against private entities acting under color of federal law by enforcing the federal contractor mandate. Appellees argue that *Bivens* is categorically unavailable in this "new context," but that overstates the Supreme Court's caution.

While *Ziglar v. Abbasi*, 582 U.S. 120 (2017), and *Hernandez v. Mesa*, U.S. 93, 140 S. Ct. 735 (2020), recognize limits on *Bivens* expansion, the Supreme Court has not foreclosed all new contexts, especially where no alternative remedies exist.

13

Appellants allege federal contractor enforcement of federal vaccination policy in a manner violating constitutional rights, with no alternative redress mechanism. (RE 298–350, SAC ¶¶ 87–90; RE 485–540, TAC ¶¶ 268–75).

At the Rule 12 stage, these claims should not have been dismissed categorically without factual development on whether special factors counsel hesitation. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S. Ct. 1999 (1971).

**D. State-Law Claims (IIED, Negligence) Satisfy Florida Law Standards**

Appellants also pled plausible Florida tort claims for intentional infliction of emotional distress (IIED) and negligence. Appellees argue the policies cannot be "outrageous" as a matter of law, but that ignores the SAC and TAC's detailed allegations of coercion, threats of termination, and forced disclosure of personal health decisions during a pandemic. (RE 298–350, SAC ¶¶ 60–85, 163; RE 485–540, TAC ¶¶ 254–60).

Under Florida law, whether conduct is "outrageous" is generally a jury question. *See Doe v. Evans*, 814 So. 2d 370, 376 (Fla. 2002); *Nims v. Harrison*, 768 So. 2d 1198, 1200 (Fla. 1st DCA 2000); *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985); *Eastern Airlines, Inc. v. King*, 557 So. 2d 574, 576 (Fla. 1990). Similarly, Appellees' duty of reasonable care toward employees plausibly

encompasses avoiding foreseeably harmful, coercive policies. Appellees' argument effectively demands summary judgment on the pleadings, contrary to Florida law and Rule 8.

## E. EUA Preemption Arguments Do Not Justify Dismissal

Appellees further contend the Public Readiness and Emergency Preparedness Act (PREP Act) and Emergency Use Authorization (EUA) statute preempt all private claims. But 21 U.S.C. § 360bbb-3 expressly conditions EUA use on notice of the right to refuse.

The SAC and TAC allege Appellees failed to provide such notice and instead retaliated against employees who attempted to exercise their rights. (RE 298–350, SAC ¶¶ 60–85, 163; RE 485–540, TAC ¶¶ 254–60). This Court has recognized federal-question jurisdiction under 28 U.S.C. § 1331 for claims asserting violations of federal statutory rights. Appellees' sweeping preemption argument ignores the statute's text and structure.

Additionally, FSI's invocation of arbitration clauses does not cure these deficiencies or bar federal and state claims not encompassed by the alleged agreements. Enforcement of such clauses against constitutional and statutory rights would violate public policy and requires further factual development.

15

Accordingly, this Court should reverse the district court's Rule 12(b)(6) dismissal and remand for further proceedings on all claims.

## III. Appellants' Clarification and Withdrawal of Inaccurate Citations

Appellants respectfully acknowledge that certain citations in their Initial Brief were incorrect or unverifiable. Appellants apologize to this Court and to opposing counsel for these errors, which stemmed from research oversights and not any intent to mislead.

### A. Acknowledgment of Citation Errors

After reviewing Appellees' briefs, which highlighted these issues (e.g., Atlas Br. at 13, describing them as "fictitious precedents"), Appellants conducted a thorough verification and concede that eight citations were erroneous or unverifiable. These errors do not reflect on the substance of the arguments, which remain supported by valid authority.

### B. Withdrawal of Inaccurate Citations

Appellants formally withdraw reliance on the following erroneous or unverifiable citations listed in the Initial Brief:

- *Koutsouradis v. Delta Air Lines, Inc.,* 427 So. 2d 1105 (Fla. 5th DCA 1983)

- *Truong v. Waste Pro USA, Inc*., 175 So. 3d 929 (Fla. 4th DCA 2015)

- *Marvin v. Dade County School Board*, 2020 WL 603633 (S.D. Fla. Feb. 7, 2020)

- *Morrison v. Palm Beach County School Board*, 2018 WL 6727067 (S.D. Fla. Dec. 21, 2018)

- *Scott v. Eglin Federal Credit Union*, 2022 WL 1558341 (N.D. Fla. May 17, 2022)

- *Hansen v. Florid*a, 2022 WL 2980744 (M.D. Fla. July 28, 2022)

- *Palmer v. McDonald's Corp*., 2022 WL 413680 (S.D. Fla. Feb. 10, 2022)

- *Negron v. School Board of Miami-Dade County*, 2021 WL 4948181 (S.D. Fla. Oct. 22, 2021)

Appellants withdraw reliance on these citations entirely in this Reply Brief.

## C. Valid Legal Support for Appellants' Arguments

Nevertheless, Appellants maintain that the legal principles for which these citations were originally offered remain well-supported by valid, controlling, and persuasive authority. Appellants therefore substitute the following established authorities in support of their arguments:

- For personal jurisdiction principles, Appellants rely on *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *Ford Motor Co. v. Montana Eighth Judicial Dist*. Ct., 592 U.S. 351 (2021); *International Shoe Co. v. Washington*, 326 U.S. 310

17

(1945); *PVC Windoors, Inc. v. Babbitbay Beach Const.*, 598 F.3d 802 (11th Cir. 2010); *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990).

- For pleading sufficiency under Rule 8, Appellants rely on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

- For state-law claims including intentional infliction of emotional distress, Appellants rely on *Doe v. Evans*, 814 So. 2d 370 (Fla. 2002); *Nims v. Harrison*, 768 So. 2d 1198 (Fla. 1st DCA 2000); *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985*); Eastern Airlines, Inc. v. King*, 557 So. 2d 574 (Fla. 1990).

- For the viability of *Bivens* claims, Appellants rely on *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Ziglar v. Abbasi*, 582 U.S. 120 (2017); *Hernandez v. Mes*a, 589 U.S. 93, 140 S. Ct. 735 (2020).

Appellants respectfully submit that these corrections do not undermine the validity of their arguments or the plausibility of their well-pleaded claims. The record demonstrates that Appellants pled detailed factual allegations satisfying Rule 8, supporting both federal and state causes of action, and warranting discovery and further proceedings in the district court.

Accordingly, while Appellants regret and withdraw the incorrect citations, they respectfully maintain that reversal and remand remain warranted on all claims.

## CONCLUSION

For the reasons set forth above and in Appellants' prior briefing, the district court's orders dismissing the Second and Third Amended Complaints with prejudice should be reversed. Appellants respectfully request that this Court remand the case for further proceedings, including jurisdictional discovery and adjudication on the merits.

Appellants further request any other relief this Court deems just and appropriate.

*/s/ Anthony F. Sabatini*

Anthony F. Sabatini
Sabatini Law Firm P.A.
411 N Donnelly Street, Suite 313
Mount Dora, FL 32757
(352) 455-2928                                           Counsel for Appellants
anthony@sabatinilegal.com                      Filed: September 2, 2025

19

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).

This brief contains 2,621 words, excluding the parts of the brief exempted by Rule 32(f).

This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Anthony F. Sabatini*

Attorney for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on September 2nd, 2025, I electronically filed the foregoing Reply Brief of Appellants with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Anthony F. Sabatini*

Attorney for Appellants